**DONALD M. GINDY** [SBN – 45228]
EMAIL: don@gindylaw.com
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CALIFORNIA 90067-1622
TEL (310) 772-0585/FAX (310) 772-0018
ATTORNEY FOR PLAINTIFF-VBCONVERSIONS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- WEST REGION

| | |
|---|---|
| VBConversions LLC, a California limited liability company,<br><br>    Plaintiff,<br><br>      v.<br><br>National CineMedia, Inc., a Delaware corporation; National CineMedia LLC, a Delaware limited liability company; S. Allison, an individual; and Does1-10, inclusive,<br><br>    Defendants. | CASE NO. CV12-05479 GAF(SSx)<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT;**<br>**2. VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**3. CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**4. VIOLATION OF DIGITAL MILLENNIUM COPYRIGHT ACT, SECTION 1201(a)(1);**<br>**5. VIOLATION OF PREVIOUS SETTLEMENT AGREEMENT;**<br>**6. INJUNCTIVE RELIEF.**<br><br>*DEMAND FOR JURY TRIAL* |

Plaintiff, VBConversions, a California limited liability company, hereby brings the within action against National Cinemedia, Inc., a Delaware corporation, National Cinemedia, LLC, a Delaware limited liability company and S. Allison, an individual, for their unlawful and unauthorized acts of copyright infringement, vicarious and contributory copyright infringement and violation of the Digital Millennium Copyright Act, Section 1201. Further, this action is also brought based on defendants' breach of a previous settlement agreement and mutual release involving similar facts. This action is based upon a federal question.

## A.    SUMMARY OF THE ACTION.

1.    This action seeks damages and injunctive relief based upon defendant's unauthorized access, copying and usage of plaintiff's copyrighted software entitled "VB.NET to C# Converter."   (C# is pronounced C Sharp)

## B.    JURISDICTION.

2.    This action arises under the Copyright Act of the United States, 17 U.S.C.§101 and 501, et seq.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338 (a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) &(3); 1400(a).

4.     Further, Plaintiff alleges venue is proper as the result of a Forum

Selection Clause in a license agreement affirmed by defendants designating the County of Los Angeles, State of California, as the appropriate location for hearing in the event of a dispute.  Moreover, in a previous settlement agreement and mutual release for a similar violation of plaintiff's rights, the parties agreed that the proper venue for any dispute arising out of the agreement shall be held in Los Angeles.

## C.   PARTIES.

5.   VBConversions LLC (hereinafter "VBC") is a developer and marketeer of software programs.  The principal headquarters of the business is located at 1428 2nd Street, Santa Monica, CA.

6.   Plaintiff is informed and believes and thereon alleges that National Cinemedia, Inc., a Delaware corporation,  ("NMCI"), maintains its principal headquarters at 9110 East Nichols Avenue, Suite 200, Centennial, CO 80112-3405.

7.   Plaintiff is informed and believes NMCI is a media company that is the managing member and owner of 48.6% of NationalCineMedia  ("NCMLLC").

8.   Plaintiff is further informed and believes that NCMLLC is the operator of a digital in-theatre network in North America.  Through other subsidiaries and divisions it provides cinema advertising and events across the digital in-theater network, which is comprised of theaters owned by AMC

Entertainment Inc., Cinemark Holdings, Inc. Regal Entertainment Group and other regional theater circuits.

9.     Plaintiff is informed and believes and thereon alleges that defendant S. Allison was at all relevant times employed by NMCLLC, in the position of computer specialist/programmer and had day-to-day responsibility for creating, maintaining and/or improving the software needs of the company.

## D.     GENERAL ALLEGATIONS.

10.     Plaintiff has registered its programs with the Register of Copyright and has been given the registration number of TX 6-425-720 for Version 2.0. The latter is derivative of the original version of the software. Copy of the registration is attached hereto and incorporated by reference, collectively, as Exhibit "A."

11.     VBC sells its copyrighted program online at vbconversions.com. VBC subscribes to the Shareware philosophy of offering its programs for a limited time to potential purchasers.  In this instance, it offers a program for 15 days. A party is permitted to try out the program and see if it is suitable for their needs. However, prior to being permitted to use the Trial version, a prospective purchaser must first affirm an End User Licensing Agreement (EULA).  There are certain admonishments within the EULA governing activities permitted with the Trial version.  There is also information to the user that certain information about them is being gathered by VBC. The trial version of the program automatically disables

after 15 days. A copy of the End User Licensing Agreement (EULA) is attached hereto as Exhibit "B." If, at any time, after using the trial version it is found useful, users may apply for a license by paying the standard market fee and affirming the license agreement.

12.    Unfortunately, despite the best efforts of VBC, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to its programs and have used the software to quickly convert to this latest incarnation of computer language. These intruders use so-called "cracking sites" which exist in great abundance on the Internet. These sites supply false registration keys to developer's software and enable users to gain unauthorized access to the programs. In self defense, VBC has adopted a tracking system which is often able to identify the date and time of the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to proof of infringement.

13.    The tracking system VBC adopted was created by Hitek Software LLC of Goleta, CA. VBC and Hitek are contractually bound to have the latter receive and monitor the data also received by VBC's servers. The data that Hitek receives is as a "third party user registration tracking company," is set forth in the licensing agreement between VBC and its licensees.

14. In business programming, Visual Basic (VB) has one of the largest user bases and is probably the most popular programming language. But many developers look to more recent computer languages in order to enhance what they do and to eliminate flaws found in earlier programs such as VB. Newer languages used by programmers include C, C+ and C++. C# has evolved from these earlier attempts at improving VB.

15. C# is intended to be a simple, modern, general-purpose, programming language. The language is intended for use in developing software components suitable for deployment in many different environments. For instance, C# compilers exist for just about every platform imaginable, including Mac, Linux, Windows, Solaris, etc. C# is suitable for writing applications for both hosted and embedded systems, ranging from the very large that use sophisticated operating systems, down to the very small having dedicated functions.

16. Plaintiff is informed and believes that at all times mentioned herein defendants, NCMI and NCMLLC and defendant S. Allison have engaged in the purchase and /or sale of goods and services within the County of Los Angeles, State of California.

17. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.

Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes that all of the defendants, known and unknown, are in some manner responsible for the wrongs alleged herein and that at all times mentioned herein were the agents and servants or joint venturers/ partners-in-concert of the other Defendants, and acted within the course and scope of said agency and employment or within the parameter of their agreement.

**FIRST CLAIM FOR RELIEF: <u>Violation of 17 U.S.C.§106(1)&</u>**

**<u>501,et.seq., Copyright Infringement .</u>**

19.    Plaintiff incorporates by reference paragraphs 1 through 18 as if the same were set forth fully herein.

20.    It was disclosed on April 11, 2011, at 7:14 a..m., a computer owned and operated and/or under the care, custody and control of defendants had used a fraudulent registration "key" (or code) to register and unlock plaintiff's program, Version 2.29.  The key is noted as: PD3L152683V694I4X1I431247.  The aforementioned is a fraudulent code not issued by plaintiff to defendants. The internal IP was noted to be: 10.250.104.102 on a computer entitled "SALLISON01."  The external IP was noted to be: 208.87.137.231. The user is noted as: "sallison."

21.    Further activity was noted to have taken place on April 11, at 7:59 a.m.,  when defendants' employee and co-defendant, S. Allison, converted 29,542 lines of Visual Basic programming into 37,444 of C# by illegal use of plaintiff's software. Shortly thereafter, at 10:17 a.m., the same number of VB lines were converted once again to the same number of C# lines.

22.    Finally, on April 12, 2011, at 12:54 p.m., 25,472 lines of VB were converted to 32,089 lines of C# by reason of the illegal use of plaintiff's software. The total of all lines converted amounted to 106,977 lines of C#.  In all instances, the conversions were dedicated to a project entitled "ARMSApp."

23.    Plaintiff is informed and believes and thereon alleges that the computer named SALLISON01 was owned and or operated by defendants and each of them.  ARIN reports the Public Internet Protocol is assigned to Webroot, Inc.  Exhibit "C."  Webroot is a Colorado corporation that apparently acts as an Internet Service Provider (ISP) to certain customers, including NCMI and NCMLLC.  Webroot, it is believed, also supplies security service to its clients.

24.    Plaintiff is informed and believes that Webroot has further assigned the Public IP to defendants. Webroot's counsel in a letter to plaintiff indicates that it services the defendants and that the activity complained of herein is directly attributable to them.  Exhibit "D."

25.    VBC has detected that one fraudulent code was used to gain

unauthorized access and enable copying and found seven (3) separate acts of

infringement on successive days. The total of all lines converted amounted to

106,977 lines of C#.   Copies of Proof of Illegal Registration and Proof of Illegal

Usage are Attached hereto and incorporated by reference as Exhibit "E."

26.     Plaintiff contends as a proximate result of the unauthorized access

and copying by defendants, the plaintiff sustained a loss of sales, a likely

diminution of value of his program and a potential loss of license value. Plaintiff

has been harmed by the fraudulent use of a registration code which apparently

enabled the infringer to decipher plaintiff's proprietary key leading to the

exceedingly large number of lines to be converted.

27.     Plaintiff is informed and believes and thereon alleges that without the

benefit of plaintiff's copyright program, a programmer would require, at the very

least, about 1,000 hours to convert the number of lines which defendants' obtained

by way of their fraudulent actions. This assumes defendant commenced the manual

recreation to C# from the beginning and had no predecessor conversion tools or

documents to assist. Plaintiff is further informed that the average cost of a

programmer is approximately $100.00 per hour and that a programmer could

potentially convert, at the very best, only about 100 lines per hour in the absence of

plaintiff's program. Accordingly, defendants' have been unjustly enriched and

profited by misappropriating the code in the amount of $106,000.00, in that they

did not have to employ such persons to do this work and pay them the customary amount required to do an equivalent job.

28.   Plaintiff further contends that defendants, and each of them, have profited and will continue to profit in an amount unknown, but according to proof pursuant to 17 U.S.C. §504(a)(1) & (b).

29.   Plaintiff contends that the use of a fraudulent code to gain unauthorized access to the program was an intentional, knowledgeable and deliberate act designed to unlock plaintiff's registration code. In further support of allegations of willfulness, defendants, and each of them, violated a previous agreement not to infringe executed in 2006, and which is based upon a prior act of infringement of plaintiff's software. Exhibit "F." The present claim is therefore a willful act subjecting defendants' and each of them to the maximum amount of Statutory Damages permitted by law or $150,000.00.

**SECOND CLAIM FOR RELIEF: <u>Vicarious Copyright Infringement</u>**

30.   Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, as if the same were set forth fully herein.

31.   Plaintiff is informed and believes and thereon alleges that at all times relevant to the actions complained of herein the employers, defendants NCMI and NCMLLC, had the right and ability to oversee, govern, control and direct its employees actions, including, but not limited to, halting any adverse or illegal

conduct in which its employee is engaged. Yet, despite this ability, defendant failed and continues to fail to enforce rules of conduct upon its presumed employee, "SALLISON" and others, which has led to the substantial number of lines being converted to C# by way of the use of Plaintiff's copyrighted software and done without the knowledge or consent of plaintiff.

32.     Plaintiff further alleges that as a proximate result of the alleged conduct,  defendants' have profited in an amount and in a manner that would not have taken place, but for the purloining of plaintiff's copyrighted software by its employees. Accordingly, defendants' have gained a financial benefit to which they are  not entitled.

33.     Under the circumstances outlined above, defendants' are liable to plaintiff for Statutory Damages as a willful vicarious copyright infringer in the amount of $150,000.00. Defendants' are also liable for Actual Damages in an amount unknown at this time, but according to proof at time of trial.

**THIRD CLAIM FOR RELIEF: <u>Contributory Copyright Infringement</u>**

34.     Plaintiff incorporates by reference paragraphs 1 through 33, inclusive, as if the same were set forth fully herein.

35.     By virtue of its respective position as employer, defendants knew or had reason to know that its employee had gained unauthorized access to plaintiff's copyrighted program and was using same for the benefit of National CineMedia.

36.     Furthermore, plaintiff is informed and believes that defendants aided and abetted the actions of its employees and materially contributed therein by supplying the data and equipment necessary to encourage, urge and persuade, and induce the usage of plaintiff's intellectual property on that internal program entitled "ARMS."

37.     Defendants, and each of them, are jointly and severally liable to Plaintiff in Actual Damages of a sum unknown at this time, but for all profits attributable to the infringements, according to proof at time of trial.  In the alternative, defendants are jointly and severally liable for Statutory Damages of $150,000.00, as and for the willful and intentional infringement and unauthorized access, copying and usage of plaintiff's copyrighted program.

**FOURTH CLAIM FOR RELIEF: <u>Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a)).</u>**

38.     Plaintiff repeats and re-alleges paragraphs 1 through 37, as if the same were set forth fully herein.

39.     At all times mentioned herein, plaintiff had in force a 25 digit alphanumeric code designed to control access to his copyrighted software.  It is only when a legitimate purchaser fulfills his obligation and pays the appropriate fee and affirms the EULA that unlimited access to the licensed product is permitted. Upon proof of compliance, plaintiff will issue to the licensee a non

transferable, non-exclusive license and provide legitimate code enabling access to the copyrighted program.

40.    The code is intended as a technological measure for the purpose of protecting its proprietary program. To gain access requires knowledge of the confidential 25 digits issued by plaintiff. It is intended to exclude those who seek to circumvent the code and gain unauthorized access.

41.    The true number of occasions of acts of circumvention is unknown to plaintiff at this time, but at least eight (8) occasions are detected by the tracking system as to that computer entitled SALLISON01.

42.    As a consequence of defendants' unlawful and unauthorized circumvention of plaintiff's measures, VBC has sustained damages as previously set forth herein.

43.    The use of the circumvention device to gain access is an intentional and knowledgeable act by the defendants. It is therefore willful and subjects defendants jointly and severally liable for the maximum allowed for Statutory Damages per act of circumvention, i.e., 8 occasions of bypassing the anti-circumvention device at $2,500.00 per occasion, or $20,000.00, per 17 U.S.C. § 1203(c)(3). Alternatively, Plaintiff is entitled to Actual Damages for profits attributable to the violations per 17 U.S.C. § 1203(c)(2).

**FIFTH CLAIM FOR RELIEF:** <u>Breach of Settlement Agreement.</u>

44.     Plaintiff incorporates by reference paragraphs 1 through 43, as if the same were set forth fully herein.

45.     On or about August 2, 2006, plaintiff and defendants, entered a Settlement Agreement and Mutual Release. Exhibit "F."  The Agreement set forth a claim by plaintiff that on March 14, and March 22, 2006, defendants gained unauthorized access and infringed plaintiff's copyrighted software.  The software was identified as "VB.Net to C# Converter."

46.     As part of said Agreement, defendants "agree that it shall refrain henceforth, from directly or indirectly, using the subject proprietary software listed above without paying the required fee and obtaining the express written authorization from VBC or its delegate."

47.     Defendants further agreed "it will not permit any other person, including employees, agents, servants and independent contractors with whom it has dealings, or entity from using its unauthorized copy or copies of said software without first securing express written permission from VBC and paying the required fee."

48.     Defendants further agreed that "This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees,

representatives, officers, directors, divisions, assigns, parent companies, subsidiaries, heirs and successors in interest."

49.     Despite these promises, defendants, and each of them, have breached the prior Agreement  as set forth fully elsewhere in this Complaint.  As a proximate result, the actions complained of elsewhere gave actual notice to defendants of the prohibited conduct.  Therefore, all acts of unauthorized access and copying (all five Exclusive Rights at 17 U.S.C. § 106(1-5)) are deemed willful and deliberate subjecting defendants to the maximum damages permitted by law.

50.     Moreover, defendants are liable to plaintiff in a sum unknown for breach of the Agreement, according to proof at time of trial.

**WHEREFORE**, plaintiff prays that the Court issue the  following:

A.     Defendant be enjoined during the pendency of this action and permanently thereafter from appropriating, using or otherwise benefitting from plaintiff's copyrighted software without the express written approval of plaintiff or his delegate;

B.     Defendants be ordered to identify, preserve, set aside  and retain any and all source code used by them in the in the infringement alleged above pursuant to Federal Rule of Civil Procedure 34, which includes, but is not   limited to:

(i) all electronically stored information which contains any portion of plaintiff's copyrighted program;

(ii) all writings as defined in Federal Rule of Evidence 1001, which refer to or mention in any manner plaintiff's program, except to those items based on privilege.

C.    Pay plaintiff all damages sustained by him as the result of their unlawful acts, with prejudgment interest, as well as account for and pay for all gains and profits they have enjoyed at plaintiff's expense. In particular, Plaintiff demands compensation of at least $150,000.00, or Actual Damages according to proof of profits attributable to the infringement, both direct and indirect, according to law.

D.    Trial by jury;

E.    All costs of litigation, including, but not limited to costs of suit, reasonable attorney fees and interest at legal rates.

F.    Such other and further relief as the Court deems just.

Dated: 6/21/12

**DONALD M. GINDY**
**A PROFESSIONAL LAW CORP.**

By: _____

Donald M. Gindy
Attorney for Plaintiff
VBConversions LLC

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-425-720

TXU

EFFECTIVE DATE OF REGISTRATION

JUL 26 2006

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼**

VB.NET to C# CONVERTER, VERSION 2.0

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼** **Number ▼** **Issue Date ▼** **On Pages ▼**

---

**NAME OF AUTHOR ▼**
DAVID CROOK

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1964 Year Died ▼ N/A

Was this contribution to the work a "work made for hire"? ☐ Yes ☑ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ UNITED STATES
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
NEW AND REVISED COMPUTER PROGRAM TEXT

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2006 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ JULY Day ▶ 19 Year ▶ 2006
Nation UNITED STATES ◀ Nation

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
DAVID CROOK
11184 Antioch #179
Overland Park, KS 66210

ONE DEPOSIT RECEIVED
JUL 26 2006
TWO DEPOSITS RECEIVED
JUL 26 2006
FUNDS RECEIVED

APPLICATION RECEIVED
JUL 26 2006

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶** · Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
· See detailed instructions. · Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ____ pages

FORM TX

EXAMINED BY

CHECKED BY

CORRESPONDENCE
☑ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☑ Yes   No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.)
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☑ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ► TX 6-285-849    Year of Registration ► 2004

DERIVATIVE WORK OR COMPILATION
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

VB NET to C# CONVERTER, VERSION 1.0

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

NEW AND REVISED COMPUTER PROGRAM TEXT

DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼    Account Number ▼

CORRESPONDENCE Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼
DONALD M. GINDY
DONALD M. GINDY, PLC
1880 CENTURY PARK EAST, SUITE 615 LOS ANGELES, CA 90067

Area code and daytime telephone number ► (310) 772-0585    Fax number ► (310) 772-0015
Email ► don@gindylaw.com

CERTIFICATION* I, the undersigned, hereby certify that I am the
Check only one ►
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
DAVID CROOK    Date ► 7/18/2006

Handwritten signature (X) ▼
X _David A. Crook_

Certificate will be mailed in window envelope to this address:
Name ▼
DAVID CROOK
Number/Street/Apt ▼
11184 Antioch #179
City/State/Zip ▼
Overland Park, KS 66210

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

TOTAL P.05

# EXHIBIT B

## END USER LICENSE AGREEMENT FOR VBCONVERSIONS SOFTWARE.

**IMPORTANT-READ CAREFULLY:** VBConversions ("VBC") has created this End-User License Agreement ("EULA") to formalize its relationship with You, the user. The EULA is a legal document between You and VBC which is governed by certain terms and conditions. You understand and agree that by clicking the "I agree" button or by installing, accessing or using the software, products, services, applications and associated documentation (collectively, the "Software Products") you will be bound by these terms and conditions.  If you act on behalf of a business or organization, you represent and warrant that you have the authority to bind that business organization to these terms and your agreement to these terms will be treated as the agreement of the business or organization.

The Software Products also includes any software updates, add-on components, web services and/or supplements that VBC may provide to You or make available after the date You obtain Your initial copy of the software. To the extent that such items are not accompanied by a separate license agreement or terms of use, by installing, copying, downloading, accessing or otherwise using the software, You agree to be bound by the terms of this EULA. If You do not agree to the terms of this EULA, do not install, access or use the software product.

### SOFTWARE PRODUCT LICENSE

The Software Product is protected by intellectual property laws and treaties. The Software Product is licensed, not sold.

**1. GRANT OF LICENSE.** This Section of the EULA describes Your general rights to install and use the Software Product. The license rights described in this Section are subject to all other terms and conditions of this EULA.

**General License Grant to Install and Use Software Product.** You may install and use one copy of the Software Product on a single computer, device, workstation, terminal, or other digital electronic or analog device ("Device"). A license for the Software Product may not be shared. VBC grants You a revocable, limited, non-transferable, non-exclusive license to use the Software Products.

**Reservation of Rights.** All rights not expressly granted are reserved by VBConversions LLC, a California limited liability company.

## 2. DESCRIPTION OF OTHER RIGHTS AND LIMITATIONS.

**Limitations on Reverse Engineering, Decompiling, and Disassembly.** You may not reverse engineer, decompile, or disassemble, modify or create derivative works of the Software Product, except and only to the extent that such activity is expressly permitted by applicable law notwithstanding this limitation.

**Trademarks.** This EULA does not grant You any rights in connection with any trademarks or service marks of VBC.

**No rental, leasing or conversion services.** You may not rent, lease, lend or provide conversion services to third parties with the Software Product.

**Support Services.** VBC may provide You with support services related to the Software Product ("Support Services"). Any supplemental software code provided to You as part of the Support Services are considered part of the VBC Product and subject to the terms and conditions of this EULA. You acknowledge and agree that VBC may use technical information You provide to VBC as part of the Support Services for its business purposes, including for product support and development. VBC will not utilize such technical information in a form that personally identifies You.

**Termination.** Without prejudice to any other rights, VBC may terminate this EULA if You fail to comply with the terms and conditions of this EULA. In such event, You must destroy all copies of the Software Product and all of its component parts.

## 3. UPGRADES.

**Standard Software Product.** If the Software Product is labeled as an upgrade, You must be properly licensed to use a product identified by VBC as being eligible for upgrade in order to use the Software Product. A Software Product labeled as an upgrade replaces or supplements (and may disable) the product that formed the basis for Your eligibility for the upgrade. You may use the resulting upgraded product only in accordance with the terms of this EULA. If the Software Product is an upgrade of a component of a package of software programs that You licensed as a single product, the Software Product may be used and transferred only as part of that single product package and may not be separated for use on more than one Device.

**4. INTELLECTUAL PROPERTY RIGHTS.** All title and intellectual property rights in and to the Software Product (including but not limited to any images, photographs, animations, video, audio, music, text, and "applets" incorporated into the Software Product), the accompanying printed materials, and any copies of the Software Product are owned by VBC or its suppliers. All title and intellectual property rights in and to the content that is not contained in the Software Product, but may be accessed through use of the Software Product, is the property of the respective content owners and may be protected by applicable copyright or other intellectual property laws and treaties. This EULA grants You no rights to use such content. If this Software Product contains documentation that is provided only in electronic form, you may print one copy of such electronic documentation. You may not copy the printed materials accompanying the Software Product.

**5. BACKUP COPY.** After installation of one copy of the Software Product pursuant to this EULA, you may keep the original media on which the Software Product was provided by VBC solely for backup or archival purposes. If the original media is required to use the Software Product on the Device, you may make one copy of the Software Product solely for backup or archival purposes. Except as expressly provided in this EULA, you may not otherwise make copies of the Software Product or the printed materials accompanying the Software Product.

**6. EXPORT RESTRICTIONS.** You acknowledge that the Software Product is of U.S. origin. You agree to comply with all applicable international and national laws that apply to the Software Product, including the U.S. Export Administration Regulations, as well as end-user, end-use and destination restrictions issued by U.S. and other governments

**7. APPLICABLE LAW.** In any dispute arising out of or relating to this Agreement, it is agreed and acknowledged that the proper venue for resolution shall be either the Superior Court for the County of Los Angeles or the United States District Court for the Central District of California. This license shall be deemed to have been executed within the State of California, in the United States of America. It shall be construed and enforced in accordance with and governed by the laws of the State of California without regard to conflicts of laws principles thereof. The parties hereto expressly agree to be subject to the personal jurisdiction of the above mentioned courts.  The application of UCITA and United Nations Convention on Contracts for the International Sale of Goods is expressly excluded.

**8. LIMITED WARRANTY**

LIMITED WARRANTY FOR SOFTWARE PRODUCTS ACQUIRED IN THE US AND CANADA. VBConversions warrants that the SOFTWARE PRODUCT will perform substantially in accordance with the accompanying materials for a period of ninety (90) days from the date of receipt.

If an implied warranty or condition is created by your state/jurisdiction and federal or state/provincial law prohibits disclaimer of it, you also have an implied warranty or condition, BUT ONLY AS TO DEFECTS DISCOVERED DURING THE PERIOD OF THIS LIMITED WARRANTY (NINETY DAYS). AS TO ANY DEFECTS DISCOVERED AFTER THE NINETY (90) DAY PERIOD, THERE IS NO WARRANTY OR CONDITION OF ANY KIND. Some states/jurisdictions do not allow limitations on how long an implied warranty or condition lasts, so the above limitation may not apply to you.

Any supplements or updates to the SOFTWARE PRODUCT, including without limitation, any (if any) service packs or hot fixes provided to you after the expiration of the ninety (90) day Limited Warranty period are not covered by any warranty or condition, express, implied or statutory.

LIMITATION ON REMEDIES; NO CONSEQUENTIAL OR OTHER DAMAGES. Your exclusive remedy for any breach of this Limited Warranty is as set forth below. Except for any refund elected by VBC, YOU ARE NOT ENTITLED TO ANY DAMAGES, INCLUDING BUT NOT LIMITED TO CONSEQUENTIAL DAMAGES, if the Software Product does not meet VBC's Limited Warranty, and, to the maximum extent allowed by applicable law, even if any remedy fails of its essential purpose. The terms of Section 10 below ("Exclusion of Incidental, Consequential and Certain Other Damages") are also incorporated into this Limited Warranty. Some states/jurisdictions do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you. This Limited Warranty gives you specific legal rights. You may have others which vary from state/jurisdiction to state/jurisdiction.

YOUR EXCLUSIVE REMEDY. VBC and its suppliers' entire liability and your exclusive remedy shall be, at VBC's option from time to time exercised subject to applicable law, (a) return of the price paid (if any)

for the Software Product, or (b) repair or replacement of the Software Product, that does not meet this Limited Warranty and that is returned to VBC with a copy of your receipt. You will receive the remedy elected by VBC without charge, except that you are responsible for any expenses you may incur (e.g. cost of shipping the Software Product to VBC). This Limited Warranty is void if failure of the Software Product has resulted from accident, abuse, misapplication, abnormal use or a virus. Any replacement Software Product will be warranted for the remainder of the original warranty period or thirty (30) days, whichever is longer. Outside the United States or Canada, neither these remedies nor any product support services offered by VBC are available without proof of purchase from an authorized international source

**9. DISCLAIMER OF WARRANTIES.** THE LIMITED WARRANTY THAT APPEARS ABOVE IS THE ONLY EXPRESS WARRANTY MADE TO YOU AND IS PROVIDED IN LIEU OF ANY OTHER EXPRESS WARRANTIES (IF ANY) CREATED BY ANY DOCUMENTATION OR PACKAGING. EXCEPT FOR THE LIMITED WARRANTY AND TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, VBCONVERSIONS AND ITS SUPPLIERS PROVIDE THE SOFTWARE AND SUPPORT SERVICES (IF ANY) *AS IS AND WITH ALL FAULTS*, AND HEREBY DISCLAIM ALL OTHER WARRANTIES AND CONDITIONS, EITHER EXPRESS, IMPLIED OR STATUTORY, INCLUDING, BUT NOT LIMITED TO, ANY (IF ANY) IMPLIED WARRANTIES, DUTIES OR CONDITIONS OF MERCHANTABILITY, OF FITNESS FOR A PARTICULAR PURPOSE, OF ACCURACY OR COMPLETENESS OR RESPONSES, OF RESULTS, OF WORKMANLIKE EFFORT, OF LACK OF VIRUSES AND OF LACK OF NEGLIGENCE, ALL WITH REGARD TO THE SOFTWARE, AND THE PROVISION OF OR FAILURE TO PROVIDE SUPPORT SERVICES. ALSO, THERE IS NO WARRANTY OR CONDITION OF TITLE, QUIET ENJOYMENT, QUIET POSSESSION, AND CORRESPONDENCE TO DESCRIPTION OR NON-INFRINGEMENT WITH REGARD TO THE SOFTWARE.

**10. EXCLUSION OF INCIDENTAL, CONSEQUENTIAL AND CERTAIN OTHER DAMAGES.** TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, IN NO EVENT SHALL VBCONVERSIONS OR ITS SUPPLIERS BE LIABLE FOR ANY SPECIAL, INCIDENTAL, INDIRECT, OR CONSEQUENTIAL DAMAGES WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR LOSS OF PROFITS OR CONFIDENTIAL OR OTHER INFORMATION, FOR BUSINESS INTERRUPTION, FOR PERSONAL INJURY, FOR LOSS OF PRIVACY, FOR FAILURE TO MEET ANY DUTY INCLUDING OF GOOD FAITH OR OF REASONABLE CARE, FOR NEGLIGENCE, AND FOR ANY OTHER PECUNIARY OR OTHER LOSS WHATSOEVER) ARISING OUT OF OR IN ANY WAY RELATED TO THE USE OF OR INABILITY TO USE THE SOFTWARE PRODUCT, THE PROVISION OF OR FAILURE TO PROVIDE SUPPORT SERVICES, OR OTHERWISE UNDER OR IN CONNECTION WITH ANY PROVISION OF THIS EULA, EVEN IN THE EVENT OF THE FAULT, TORT (INCLUDING NEGLIGENCE), STRICT LIABILITY, BREACH OF CONTRACT OR BREACH OF WARRANTY OF VBCONVERSIONS OR ANY SUPPLIER, AND EVEN IF VBCONVERSIONS OR ANY SUPPLIER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.

**11. LIMITATION OF LIABILITY AND REMEDIES.** NOTWITHSTANDING ANY DAMAGES THAT YOU MIGHT INCUR FOR ANY REASON WHATSOEVER (INCLUDING, WITHOUT LIMITATION, ALL DAMAGES REFERENCED ABOVE AND ALL DIRECT OR GENERAL DAMAGES), THE ENTIRE LIABILITY OF VBCONVERSIONS AND ANY OF ITS SUPPLIERS UNDER ANY PROVISION OF THIS EULA AND YOUR EXCLUSIVE REMEDY FOR ALL OF THE FOREGOING (EXCEPT FOR ANY REMEDY OF REPAIR OR REPLACEMENT ELECTED BY VBCONVERSIONS WITH RESPECT TO ANY BREACH OF THE LIMITED WARRANTY) SHAL BE LIMITED TO THE GREATER OF THE AMOUNT ACTUALLY PAID BY YOU FOR THE SOFTWARE OR U.S. $5.00. THE FOREGOING LIMITATIONS, EXCLUSIONS AND DISCLAIMERS (INCLUDING SECTIONS 6, 7, AND 8 ABOVE) SHALL

APPLY TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, EVEN IF ANY REMEDY FAILS ITS ESSENTIAL PURPOSE.

**12. REGISTRATION / USAGE INFORMATION.**  When you use this software, and also when you register or uninstall this software, the following information about our software and your computer is recorded into the VBC and/or our 3rd party User Registration Tracking Company Database: Product Name, Version, Registration Key, Computer Name, Computers Internal IP address, Username logged onto Computer, Operating System's Registered Owner, Operating System's Registered Organization, Name, Organization Name, Email Address (as entered on the registration screen), total number of lines converted, installation date, and email addresses. Additionally, your organization's public IP address and hostname is recorded by VBC and/or the 3rd party Tracking database in California. The above information may also be posted to VBC and/or our 3rd party user registration database in California on a regular periodic basis in order to update our registered user usage records.  After every project conversion, the project name, number of  lines of original and converted code, CLR version number, number of lines with compiler errors, number of compiles, conversion time, and assembly info (title, description, company, product, copyright, trademark),  may also be recorded by VBC and/or our 3rd party User Registration tracking company in California.

VBC assures the user, that the above information will be securely stored, and maintained with the utmost care by VBC and our 3rd party User Registration tracking company in California. By installing and/or registering and/or using this software, you agree that VBC or our 3rd party User Registration tracking company in California should not be held liable in any manner, if the security of this information is compromised in any manner. To the extent not prohibited by law, in no event will VBC or our 3rd party User Registration tracking company in California, and ours and its licensors be liable for any lost revenue,

profit or data, or for special, indirect, consequential, incidental or punitive damages, however caused regardless of the theory of liability, arising if the security of this information is compromised in any manner, even if VBC and our 3rd party User Registration tracking company in California has been advised of the possibility of such damages. Only install this software, if you agree to have this information recorded by VBC to our 3rd party User Registration tracking company in California.

BY INSTALLING AND/OR UNINSTALLING AND/OR REGISTERING AND/OR USING THIS SOFTWARE, YOU AGREE THAT YOU GRANT VBC YOUR FULL AND UNCONDITIONAL PERMISSION TO RECORD THIS INFORMATION ITSELF AND TO OUR 3RD PARTY USER REGISTRATION TRACKING COMPANY IN CALIFORNIA.

**13. COPYRIGHT INFRINGEMENT**: You agree not to infringe VBC's copyright of this software. Reproduction, preparation of derivative works (adaptation), distribution or display of the software is prohibited, except to the extent permitted by this license. Your continued usage of the program is expressly conditioned upon your adherence to the terms and conditions of this license.  Any activity which exceeds the scope of the license is deemed to infringe the copyright of VBC and will result in revocation of the license and may subject you to civil liability. Unauthorized copying and exceeding license counts are examples of prohibited conduct. Using illegally generated keys to unlock the software is also a violation of VBC's rights. You agree to only use Registration keys generated online from VBC's website, only use registration keys emailed to you by VBC or our third party order processing Company. You agree that using an illegal or fraudulent registration key to register or unlock the software or reverse engineering, decompiling or disassembling the software makes that software copy illegal and unauthorized and in violation of VBC's rights. (17 U.S.C.§§ 501,1201, et seq.).  In the event of a copyright violation, you acknowledge and agree you are liable for actual damages, statutory

damages, reasonable attorney fees, lost profits, diminution of value of the software, lost license fees, any or all of the aforementioned, including, but not limited to all other costs and expenses incurred by VBC for the loss, according to law. (17 U.S.C. §504, §505). *User acknowledges and agrees that in the event of a breach of this Agreement by use of illegally generated keys to unlock the software or by reverse engineering, decompiling or disassembling the software, the value of the resulting conversion shall be fixed at One($1.00) Dollar U.S. per line of code converted from Visual Basic to C#.*

**14. ENFORCING RIGHTS.** The failure of VBC to exercise or enforce any right or provision of this Agreement shall not constitute a waiver of such right or provision. If any provision of these terms is found by a court of competent jurisdiction to be invalid, you nevertheless agree that the court should endeavor to give effect to the intentions of the parties as reflected in the provision, and that the other provisions of this Agreement remain in full force and effect.

**15. ENTIRE AGREEMENT.** This EULA (including any addendum or amendment to this EULA which is included with the Software Product) is the entire agreement between you and VBC relating to the Software Product and the support services (if any) and they supersede all prior or contemporaneous oral or written communications, proposals and representations with respect to the Software Product or any other subject matter covered by this EULA. To the extent the terms of any VBC policies or programs for support services conflict with the terms of this EULA, the terms of this EULA shall control.

# EXHIBIT C

## Network

| | |
|---|---|
| NetRange | 208.87.136.0 - 208.87.139.255 |
| CIDR | 208.87.136.0/22 |
| Name | WEBROOT |
| Handle | NET-208-87-136-0-1 |
| Parent | NET208 (NET-208-0-0-0-0) |
| Net Type | Direct Assignment |
| Origin AS | AS33737 |
| Organization | Webroot Software, Inc. (WEBRO) |
| Registration Date | 2008-02-21 |
| Last Updated | 2010-10-21 |
| Comments | |
| RESTful Link | http://whois.arin.net/rest/net/NET-208-87-136-0-1 |
| See Also | Related organization's POC records. |
| See Also | Related delegations. |

## Organization

| | |
|---|---|
| Name | Webroot Software, Inc. |
| Handle | WEBRO |
| Street | 2560 55th Street |
| City | Boulder |
| State/Province | CO |
| Postal Code | 80301 |
| Country | US |
| Registration Date | 2005-03-03 |
| Last Updated | 2010-10-21 |
| Comments | |
| RESTful Link | http://whois.arin.net/rest/org/WEBRO |

# EXHIBIT D

*Law Offices*

DONALD M. GINDY
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST
SUITE 615
LOS ANGELES, CALIFORNIA 90067-1622
(310) 772-0585
FAX (310) 772-0018

DONALD M. GINDY

EMAIL ADDRESS : don@gindylaw.com
WEBSITE : www.gindylaw.com

March 12, 2012

Certified Mail

David Huberman
General Counsel
Webroot Inc.
385 Interlocken Crescent
Suite 800
Broomfield, CO 80021

RE: Our Client: *VBConversions LLC*

Dear Mr. Huberman:

Please be advised that the undersigned has been retained to investigate a claim of copyright infringement by Webroot on behalf of my client, VBConversions LLC, a Santa Monica, CA, company (VBC).

VBC is a software developer. VBC has secured copyright registration for its program called *VB.Net to C# Converter* with the Register of Copyright. Hitek has been given the registration number of: TX 6-285-849. A copy of the registration is attached hereto.

As a Shareware participant, VBC offers a limited *trial version* of its program to prospective purchasers. A prospective user is permitted to try out the program for a limited time. In this case, it is fifteen (15) days. If it meets the user's needs, the user may purchase the program at any time. However, *prior to use* of the trial version, VBC requires a user *to affirm* an End User License Agreement (EULA). The Agreement sets forth certain rules that must be followed, including an admonishment that no illegally generated keys may be used on the software, nor may license counts be exceeded. A copy is attached for your review.

Unfortunately, despite VB's best efforts, it has not been able to stem the tide of unscrupulous people who have gained unauthorized access to its program and have used the software to quickly convert to the latest incarnation of computer language. These intruders have used so-called "cracking sites" which exist in great abundance on the Internet. These sites supply the decryption of registration keys to developer's software and enable fraudulent registration

*Law Offices*

DONALD M. GINDY

codes or keys to be used in order to gain access. In self defense, VB has adopted a tracking system which is able to identify the date and time of the intruder, the external and internal IP of the offending computer, the identity of the user of that computer and other data which is integral to our proof of unauthorized access and usage of the program. The information to be collected is disclosed to the user in the EULA.

Specifically, the tracking program has determined that a computer owned by Webroot has violated the EULA and used illegally generated keys to gain unauthorized access and copying in violation of VBC's copyright.

The initial act occurred on April 11, 2011, at 7:14 a.m., when the program was installed and registered. The registration was illegal in that a fraudulent key was used to gain unauthorized access to the trial version of the software. The key was noted to be: PD3L152683V694I4X1I431247. This key was not issued by VBC. Thereafter, the program was reproduced on a computer owned/operated by Webroot. The identification of the computer is: SALLISON01. Its Public Internet Protocol address is 208.87.137.231. The American Registry of Internet Numbers (ARIN) has confirmed that this device is assigned to Webroot. See attached copy of ARIN report. The user is identified as "sallison." The Private IP address is 10.250.104.102.

On Monday, April 11, 2011, at 7:59 a.m., your employee, "sallison" converted at first 29,542 lines of Visual Basic programming into 37,444 of C# by illegal use of my client's software. Shortly thereafter, at 10:17 a.m., the same number of VB lines were converted to the same number C# lines. Finally, on the next day, the action was repeated, except this time 25,472 of VB was converted into 32,089 lines of C#. The total of all lines amounted to 106,977 illegally converted lines. All of this conversion activity was dedicated to project titles, ARMSApp.

*With all of the above in mind, demand is made to cease and desist from further use of the VBC program identified above. You are directed <u>not</u> to delete the software, but to suspend further use of it at this time, subject to the instructions set forth below.*

Demand is made that my client be compensated for its damage pursuant to 17 U.S.C. §504 and §§ 1201, 1203.

There exists several bases for compensation for the acts set forth above. First, is the right to Actual Damages and for profits attributable to the infringement. At this point, no specific number is possible, but in litigation, we would be investigating everything on the hard drives of all of the computers mentioned above, both internal and external hard drives, and all things related to VBC's program. Given the extent of time in which the program was unlawfully used, the titles of the VB projects captured by us, it appears likely that damages will be significant. In the alternative, Statutory damages for the act of willful violation of Hitek's copyright could

*Law Offices*
*RONALD M. GINDY*

amount to

In addition, it appears that Allison violated the specific provision of the EULA, at paragraph 13, which states agreement to be liable at the rate of $1.00 per line that is illegally converted from VB to C#. Here we have 106,997 lines converted. A copy of the EULA is enclosed for your review.

Finally, we are also entitled to damages to a maximum of $2,500.00 per work per act of circumvention of VBC's technological measure. *17 U.S.C. § 1203 (c)(3).* That is, each incident which bypassed the 25 digit alphanumeric code issued by VBC to legitimate purchasers is a "violative act" (as interpreted by the courts) and entitles VBC to demand the maximum amount allowed by law. We count at least 3 occasions. These damages are in addition to all damages to which Hitek is entitled under 17 U.S.C. § 504. *See 17 U.S.C. § 1201( c ).*

Demand is made for the unauthorized activities set forth above in the amount of . I look forward to a response forthcoming from you or your authorized representative regarding this matter. In any event, I require a response on or before March 23, 2012.

The Federal Rules of Civil Procedure at Rule 26(a)(1)(A)(ii) and Rule 34(a)(1)(A) require the disclosure of:

*"Electronically Stored Information" that may be used to support a legal claim or defense. We believe that the hard drives used on the computers mentioned above for the period of Monday, April 11, 2011, through and including the date of this letter, contain evidence of infringement. We would ask that all hard drives, both internal and external, used on the above mentioned computers for the periods stated be retained for examination and copying if the parties are unable to resolve their differences without resort to litigation. We ask that the hard drives be identified, set aside, retained and preserved in good order.*

We further request that a "Litigation Hold" be instituted on all such equipment and that there be no deletion, modification, alteration of electronically stored information.

I look forward to your prompt response to this message.

Nothing contained in this letter is to be construed, nor deemed to be a waiver, abridgment, alteration, modification or reduction of any rights, claims or remedies that VBC may have in regard to this matter and all such rights, claims and remedies, whether at law or in equity, are hereby expressly reserved. Submitted pursuant Federal Rule of Evidence 408 and all applicable state statutes.

*Law Offices*
DONALD M. GINDY

Sincerely,

DONALD M. GINDY
DMG/av
Enclosures

# EXHIBIT E

## VB Conversion

## Proof of illegal registration

| | |
|---|---|
| Computer Name | SALLISON01 |

| | |
|---|---|
| Server date | 2011-04-11 08:14:38.0 EDT |
| Installed (user date) | 4/11/2011 7:14 AM |
| Program | VB.Net to C# Converter |
| Program Version | 2.29 |
| Key | PD3L152683V694I4X1I431247 |
| Registration Name | NCM |
| Registration Organization | Company |
| Registration Email | name@company.com |
| Public IP | 208.87.137.231 |
| Private IP | 10.250.104.102 |
| Username | sallison |
| Domain | NCM |
| Owner | Microsoft |
| Organization | Microsoft |

## Webroot

## VB Conversion

## Proof of illegal usage

**Computer Name**          SALLISON01

| | |
|---|---|
| **Server date** | 2011-04-11 08:58:32.0 EDT |
| **Installed (user date)** | 4/11/2011 7:14 AM |
| **Program** | VB.Net to C# Converter |
| **Program Version** | 2.29 |
| **Key** | PD3L152683V694I4X1I431247 |
| **Registration Name** | NCM |
| **Registration Organization** | Company |
| **Registration Email** | name@company.com |
| **Public IP** | 208.87.137.231 |
| **Private IP** | 10.250.104.102 |
| **Username** | sallison |
| **Domain** | NCM |
| **Owner** | Microsoft |
| **Organization** | Microsoft |

## Webroot

# VB Conversion

## Proof of illegal usage

| | |
|---|---|
| **Computer Name** | SALLISON01 |

| | |
|---|---|
| Server date | 2011-04-11 11:16:12.0 EDT |
| Installed (user date) | 4/11/2011 7:14 AM |
| Program | VB.Net to C# Converter |
| Program Version | 2.29 |
| Key | PD3L152683V694I4X1I431247 |
| Registration Name | NCM |
| Registration Organization | Company |
| Registration Email | name@company.com |
| Public IP | 208.87.137.231 |
| Private IP | 10.250.104.102 |
| Username | sallison |
| Domain | NCM |
| Owner | Microsoft |
| Organization | Microsoft |

---

## Webroot

**VB Conversion**

**Proof of illegal usage**

**Computer Name**            SALLISON01
_____

Server date                    2011-04-12 13:53:07.0 EDT
Installed (user date)          4/11/2011 7:14 AM
Program                        VB.Net to C# Converter
Program Version                2.29
Key                            PD3L152683V694I4X1I431247
Registration Name              NCM
Registration Organization         Company
Registration Email             name@company.com
Public IP                      208.87.137.231
Private IP                     10.250.104.102
Username                       sallison
Domain                         NCM
Owner                          Microsoft
Organization                   Microsoft

| Userdate | VB_Project_Name | VB_Lines | CSharp_Lines |
|---|---|---|---|
| Monday, April 11, 2011 7:59:32 AM | ARMSApp.vbproj | 29542 | 37444 |
| Monday, April 11, 2011 10:17:12 AM | ARMSApp.vbproj | 29542 | 37444 |
| Tuesday, April 12, 2011 12:54:11 PM | ARMSApp.vbproj | 25472 | 32089 |

_____

**Webroot**

# EXHIBIT F

09-02-06   12:53pm   From-HOGAN&HARTSON                 720 406 5302        T-279   P.003/008   F-810

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

## PARTIES

This Settlement Agreement and Mutual Release of Claims is made and entered into as of the     day of              , 2006, by and between VB Conversions of Overland Park, Kansas (hereinafter "VBC") and National CineMedia, Inc. of 9110 East Nicholas Avenue, Suite 200, Centennial, CO 80112-3405 (hereinafter "National CineMedia") with reference to the following:

## RECITALS

A. VBC has created certain proprietary software entitled "VB.NET to C# Converter" and the same is registered with the Register of Copyright under registration number TX 6-285-849;

B. It is alleged National CineMedia gained unauthorized access to the copyrighted software;

C. A software tracking device used by VBC detected unauthorized access on March 14, 2006 and March 22, 2006;

D. It is further alleged that by gaining unauthorized access National CineMedia infringed upon the rights of the copyright holder;

E. VBC contends it is entitled to damages and other relief incidental to its causes of action;

F. National CineMedia denies all of the allegations stated above;

G. It is the intention of the parties hereto to settle and dispose of, fully and completely, any and all claims, counterclaims, cross-complaints, demands and causes of action arising out of, connected with or incidental to the alleged actions of National CineMedia hereto.

PAGE 02/07                          DONALD GINDY LAW                  310-772-0018        10:57   08/02/2006

CONSIDERATION AND RELEASE:  In consideration of the releases contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged by each party, the parties, promise, agree and release as follows:

1.   VBC hereby acknowledges receipt of the sum of

                                as valuable consideration for release of all

claims;

2.   National CineMedia agrees that it shall refrain henceforth, from directly or indirectly, using the subject proprietary software listed above without paying the required fee and obtaining the express written authorization from VBC or its delegate.

3.   National CineMedia further agrees that it will not permit any other person, including employees, agents, servants and independent contractors with whom it has dealings, or entity from using its unauthorized copy or copies of said software without first securing express written permission from VBC and paying the required fee.

4.   National CineMedia further agrees to immediately destroy, delete and remove any and all copies of the unauthorized copies of the proprietary software mentioned in the Recitals of which you have possession, access or care, custody and control.

5.   The parties agree to bear their own costs, including, but not limited to: filing fees, attorney fees, court costs of whatever kind or nature, investigation costs, expert witness fees and all other costs incurred thus far in the preparation, prosecution or defense of the within claims.

6.   The parties understand and agree that the settlement set forth herein is a compromise of a disputed claim and that the disposition is not to be construed either as an inability to prove the allegations in the Recital above or an admission of liability on the part of any person or entity being released hereby.

2

7. The parties release and discharge the other and their predecessors, successors, heirs, assigns, affiliated companies, officers, directors, employees, representatives, attorneys, investigators, servants and agents, from all claims, counterclaims, cause or causes of action, demands, damages or costs, whether known or unknown, theretofore or hereafter arising out of, connected with the incident mentioned above.

8. Except as to the rights created by this Agreement, the parties specifically waive the benefit of the provisions of Section 1542 of the Civil Code of the State of California, which reads as follows:

> *"A general release does not extent to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."*

Notwithstanding the provisions of Section 1542 and for the purpose of implementing a full and complete release, the parties hereto expressly acknowledge that this Agreement is intended to include all claims which the parties do not know or suspect to exist in their favor at the time of the execution of this Agreement, and that this Agreement will extinguish any such claims. This Agreement does not waive or release any rights or claims, which arise after the date of execution of this Agreement.

9. **FURTHER ASSURANCES, REPRESENTATIONS AND WARRANTIES:** Each of the parties to this Agreement represents, warrants and agrees as follows:

9.1 No party (nor any officer, agent, employee, representative or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this

3
_____
SETTLEMENT AGREE. & MUTUAL RELEASE OF CLAIMS

Agreement, and each party does not rely upon any statement, representation or promise of any other party (or of any officer, agent, employee, representative or attorney for the other party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

9.2 Each party to this agreement has made such investigation of the facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

9.3 Each party has not previously assigned, transferred, or granted or purported to assign, transfer or grant any of the claims, demands an causes or causes of action disposed of by this Agreement.

9.4 Each term of this Agreement is contractual and not merely a recital.

9.5 Each party is aware that it/he/she may hereafter discover claims or facts in addition to or different from those now known or believed to be true with respect to the matters related herein. Nevertheless, it is the intention of the parties to fully, finally and forever settle and release all such matters, known or unknown, suspected or unsuspected, and all claims relative thereto, which do now exist, may exist, or heretofore have existed between them. In furtherance of such intention, the releases given herein shall be and remain in effect as full and complete mutual releases of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts relative thereto.

10. <u>TIME TO CONSIDER AGREEMENT</u>: Both parties acknowledge that they have had sufficient time to consider the terms of this Agreement. They enter into this Agreement freely and voluntarily. The parties have consulted with

4

SETTLEMENT AGREE. & MUTUAL RELEASE OF CLAIMS

08-02-06    12:54pm   From-HOGAN&HARTSON                    720 406 5302            T-279   P.007/008   F-810

an attorney before signing this Agreement regarding the advisability of entering into this Agreement, the meaning of California Civil Code Section 1542, and all other matters pertinent to this Agreement.

11.   MISCELLANEOUS:

11.1    This Agreement shall be deemed to have been executed and delivered within the State of California, in the United States, in the Central District of California, and the rights and obligations of the parties shall be construed and enforced in accordance with, and governed by, the laws of the State of California. The proper venue for any dispute is Los Angeles.

11.2    This Agreement is the entire Agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. This Agreement may be amended or modified only by a written agreement signed by all parties.

11.3    This Agreement is binding upon and shall inure to the benefit of the parties hereto, their respective agents, employees, representatives, officers, directors, divisions, assigns, parent companies, subsidiaries, heirs and successors in interest.

11.4    Each party has cooperated in the drafting and preparation of this Agreement. In the event that a provision of this Agreement is to be construed, neither side shall be designated as drafter hereof.

11.5    The parties agree that the terms of this Agreement shall remain confidential and shall not be disclosed, directly or indirectly, by either party at any time; provided, however, either party may disclose, in

5

PAGE 06/07                          DONALD GINDY LAW                  310-772-0018      10:57   08/02/2006

confidence, on a need-to-know basis, the terms to its attorneys, accountants, financial institutions, directors, officers, employees, insurers, and as otherwise required by law.

11.6   This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. A faxed copy of this Agreement may be deemed an original.

Dated:

NATIONAL CINEMEDIA, LLC.

By:   _____
[Signature]

_____
[Print Name and Title]
NATIONAL CINEMEDIA, LLC.

Dated:

VB CONVERSIONS

By:   _____
DAVID CROOK
VB CONVERSIONS

9   _____
SETTLEMENT AGREE. & MUTUAL RELEASE OF CLAIMS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV12- 5479 GAF (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

DONALD M. GINDY
A PROFESSIONAL LAW CORPORATION ORIGINAL
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CA 90067
Don@gindylaw.com
Telephone: 310-772-0585 Fax: 310-772-0018

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBConversions LLC, a California limited liability company<br><br>v.<br><br>National CineMedia, Inc., a Delaware corporation; National CineMedia LLC, a Delaware limited liability company; S. Allison, an individual; and Does 1-10, inclusive,<br><br>       DEFENDANT(S). | CASE NUMBER<br><br>CV12- 05479 GAF (SSx)<br><br><br>**SUMMONS** |

PLAINTIFF(S)

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
DONALD M. GINDY, ESQ.     , whose address is:

DONALD M. GINDY
A PROFESSIONAL LAW CORPORATION
1880 CENTURY PARK EAST, SUITE 615
LOS ANGELES, CA 90067

an answer to the ∠ complaint   amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within __21__ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

JUN 2 2 2012

Clerk, U.S. District Court

Dated: _____  By: _____
             Deputy Clerk

            *(Seal of the Court)*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| VBConversions LLC, a California limited liability company | National CineMedia, Inc., a Delaware corporation; National CineMedia LLC, a Delaware limited liability company; S. Allison, an individual; and Does1-10, inclusive |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DONALD M. GINDY A PROFESSIONAL LAW CORPORATION 1880 CENTURY PARK EAST, SUITE 615 LOS ANGELES, CA 90067 (310) 772-0585 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement and Unfair Competition  COPYRIGHT INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

CV12-05479

**FOR OFFICE USE ONLY:** Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Los Angeles

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
    Colorado

List the California County, or State if other than California, in which EACH claim arose.  (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
    Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date    June 20, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |