Jonathan Pink (State Bar No. 179685)
jonathan.pink@bryancave.com
BRYAN CAVE LLP
3161 Michelson Drive, Ste. 1500
Irving, CA 92612-4414
Telephone: 949-223-7000
Facsimile: 949-437-8773

Attorneys for Defendant
National CineMedia, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

VBConversions, LLC, a California limited liability company,
Plaintiff,

v.

National CineMedia, Inc., a Delaware corporation; National CineMedia LLC, a Delaware limited liability company; S. Allison, an individual; and Does 1-10, inclusive
Defendants.

CASE NO. CV12-5479 (GAF) (SSx)

**ANSWER TO COMPLAINT; JURY DEMAND**

Defendant National CineMedia, LLC ("NCM"), through its undersigned counsel and on behalf of itself and no other party, responds to Plaintiff VBConversions, LLC's Complaint as follows:

NCM admits that Plaintiff purports to bring this action against the defendants named in the complaint under various legal theories. NCM otherwise denies the allegations in the introductory paragraph to the Complaint.

**A. RESPONSE TO SUMMARY OF THE ACTION**

1. NCM admits that Plaintiff purports to bring this action for alleged damages and injunctive relief. NCM denies the remaining allegations in Paragraph 1 of the Complaint.

**B. RESPONSE TO JURISDICTION**

2. NCM does not dispute that this Court has subject matter jurisdiction over Plaintiff's claims brought under the Copyright Act, 17 U.S.C. § 101 et seq. NCM denies the remaining allegations in Paragraph 2 of the Complaint.

3. NCM does not challenge venue in this Court. NCM denies the remaining allegations in Paragraph 3 of the Complaint.

4. NCM denies the allegations in Paragraph 4 of the Complaint.

**C. RESPONSE TO PARTIES**

5. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, on that basis, denies those allegations.

6. NCM admits that National CineMedia, Inc. is a Delaware corporation with its principal place of business at 9110 E. Nichols Avenue, Suite 200 in Centennial, Colorado. NCM denies the remaining allegations in Paragraph 6 of the Complaint.

7. NCM admits that National CineMedia, Inc. is the managing member of NCM. NCM denies the remaining allegations in Paragraph 7 of the Complaint.

8. NCM admits that it is a media company that, among other things, presents cinema advertising and events in movie theaters.

9. NCM admits that it employed S. Allison as a software program developer during the times referenced in Exhibit E to the Complaint. NCM denies the remaining allegations in Paragraph 9 of the Complaint.

**D. RESPONSE TO GENERAL ALLEGATIONS**

10. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, denies those allegations.

13. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies those allegations.

14. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies those allegations.

16. NCM admits that it has conducted business activities within the County of Los Angeles, State of California. NCM denies that National CineMedia, Inc. has engaged in the purchase and sale of goods and services within the County of Los Angeles, State of California. NCM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and, on that basis, denies those allegations.

17. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint concerning Plaintiff's purported awareness of the true capacities of the defendants and, on that basis, denies

those allegations. NCM denies the remaining allegations in Paragraph 17 of the Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF: Alleged Violation of 17 U.S.C§106(1) & 501, et. Seq., Copyright Infringement.**

19. NCM incorporates by reference the responses to the preceding paragraphs, as set forth above, as though fully set forth herein.[1]

20. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies those allegations.

21. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23. NCM admits that it issued a computer to one of its employees with the username "SALLISON." NCM further admits that Webroot provides certain internet-related services to NCM. NCM denies the remaining allegations of Paragraph 23 of the Complaint.

24. NCM admits that Webroot provides certain internet-related services to NCM. NCM denies the remaining allegations of Paragraph 24 of the Complaint.

25. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26. NCM denies the allegations of Paragraph 26 of the Complaint.

[1] Because the Complaint contains no paragraph "18," NCM provides no response for any such paragraph.

27. NCM denies the allegations of Paragraph 27 of the Complaint.

28. NCM denies the allegations of Paragraph 28 of the Complaint.

29. NCM denies the allegations of Paragraph 29 of the Complaint.

**RESPONSE TO SECOND CLAIM FOR RELIEF: Alleged Vicarious Copyright Infringement.**

30. NCM incorporates by reference the responses to the preceding paragraphs, as set forth above, as though fully set forth herein.

31. NCM admits that it has the right to oversee and direct the actions of its employees in the course of their employment. NCM denies the remaining allegations of Paragraph 31 of the Complaint.

32. NCM denies the allegations of Paragraph 32 of the Complaint.

33. NCM denies the allegations of Paragraph 33 of the Complaint.

**RESPONSE TO THIRD CLAIM FOR RELIEF: Alleged Contributory Copyright Infringement.**

34. NCM incorporates by reference the responses to the preceding paragraphs, as set forth above, as though fully set forth herein.

35. NCM denies the allegations of Paragraph 35 of the Complaint.

36. NCM denies the allegations of Paragraph 36 of the Complaint.

37. NCM denies the allegations of Paragraph 37 of the Complaint.

**RESPONSE TO FOURTH CLAIM FOR RELIEF: Alleged Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201(a)).**

38. NCM incorporates by reference the responses to the preceding paragraphs, as set forth above, as though fully set forth herein.

39. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies those allegations.

40. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and, on that basis, denies those allegations.

41. NCM is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and, on that basis, denies those allegations.

42. NCM denies the allegations of Paragraph 42 of the Complaint.

43. NCM denies the allegations of Paragraph 43 of the Complaint.

**RESPONSE TO FIFTH CLAIM FOR RELIEF: Alleged Breach of Settlement Agreement.**

44. NCM incorporates by reference the responses to the preceding paragraphs, as set forth above, as though fully set forth herein.

45. NCM admits that on or about August 2, 2006, NCM and VB Conversions of Overland Park, Kansas entered into a "Settlement Agreement and Mutual Release of Claims," a copy of which is attached as Exhibit F to the Complaint, and that the terms of that agreement speak for themselves. NCM denies the remaining allegations of Paragraph 45 of the Complaint.

46. NCM admits that on or about August 2, 2006, NCM and VB Conversions of Overland Park, Kansas entered into a "Settlement Agreement and Mutual Release of Claims," a copy of which is attached as Exhibit F to the Complaint, and that the terms of that agreement speak for themselves. NCM denies the remaining allegations of Paragraph 46 of the Complaint.

47. NCM admits that on or about August 2, 2006, NCM and VB Conversions of Overland Park, Kansas entered into a "Settlement Agreement and Mutual Release of Claims," a copy of which is attached as Exhibit F to the Complaint, and that the terms of that agreement speak for themselves. NCM denies the remaining allegations of Paragraph 47 of the Complaint.

48. NCM admits that on or about August 2, 2006, NCM and VB Conversions of Overland Park, Kansas entered into a "Settlement Agreement and Mutual Release of Claims," a copy of which is attached as Exhibit F to the Complaint, and that the terms of that agreement speak for themselves. NCM denies the remaining allegations of Paragraph 48 of the Complaint.

49. NCM denies the allegations of Paragraph 49 of the Complaint.

50. NCM denies the allegations of Paragraph 50 of the Complaint.

## GENERAL DENIAL

NCM denies each and every allegation, matter, or thing contained in the Complaint, express or implied, not expressly admitted herein and demands strict proof thereof.

## DEFENSES

1. At all times relevant to the matters alleged in the Complaint, NCM acted in good faith, reasonably, without any actual or constructive knowledge of any alleged infringement, and without any intent to injure Plaintiff.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims may be barred in whole or in part by the doctrine of waiver.

4. Plaintiff's claims may be barred in whole or in part by estoppel.

5. Plaintiff's claims may be barred in whole or in part by the doctrine of laches.

6. Plaintiff's claims may be barred in whole or in part by acquiescence.

7. Plaintiff authorized, impliedly or explicitly, the allegedly infringing use of its work and its claims are therefore barred by the doctrine of implied license.

8. Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

9. Plaintiff's claims may be barred in whole or in part by applicable statutes of limitation.

10. Plaintiff's claims may be barred in whole or in part because Plaintiff is not the real party in interest.

11. Plaintiff's claims may be barred in whole or in part because Plaintiff does not own or control valid copyrights in the work or elements of the work at issue in this case because such work or elements are not original, because Plaintiff is not the author of such work or elements and does not have valid assignments or work for hire agreements, and because such work or elements contain or constitute uncopyrightable subject matter, concepts and/or ideas.

12. Plaintiff's claims may be barred in whole or in part by the terms of the agreement referenced in the Complaint.

13. Plaintiff's claims may be barred in whole or in part by the doctrine of copyright misuse.

14. Plaintiff's claims may be barred in whole or in part by application of 17 U.S.C. §§ 411(a) and 412.

15. Plaintiff's alleged breach of contract claim may be barred in whole or in part by application of 17 U.S.C. § 301.

16. Plaintiff's claims may be barred in whole or in part by the doctrine of fair use.

17. NCM reserves the right to supplement its defenses as discovery, research, and investigation may warrant.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint, NCM prays for the following relief:

A. That the Complaint be dismissed with prejudice and that the Plaintiff have and recover nothing by reason thereof;

B. That NCM be awarded its costs and expenses including reasonable attorneys fees allowed by law in defending this action; and

C. That the Court grant such other and further relief to NCM as it deems appropriate.

Dated: August 22, 2012

BRYAN CAVE LLP

By: */s/ Jonathan Pink*

Jonathan Pink
ATTORNEYS FOR DEFENDANT
NATIONA CINEMEIDA, LLC

**DEMAND FOR JURY TRIAL**

Defendant NATIONA CINEMEIDA, LLC hereby demands trial by jury in this action.

Dated: August 22, 2012 BRYAN CAVE LLP

By: ____*/s/ Jonathan Pink*_________
Jonathan Pink
ATTORNEYS FOR DEFENDANT
NATIONA CINEMEIDA, LLC